

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-24-2003

# USA v. Mendez

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2489

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Mendez" (2003). *2003 Decisions.* Paper 188.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/188

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 02-2489

UNITED STATES OF AMERICA

v.

MARTIRES NOVA MENDEZ
a/k/a HIJO
a/k/a NOVAS MENDEZ
a/k/a MARTIRES NOVA PEREZ

Martires Nova Mendez,
Appellant

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. Action No. 01-cr-00030-1)
District Judge: Honorable Harvey Bartle, III

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 17, 2003

BEFORE: SLOVITER, ROTH and STAPLETON, Circuit Judges

(Opinion Filed: October 24, 2003)

OPINION OF THE COURT

STAPLETON, <u>Circuit Judge</u>:

Appellant Maitres Nova Mendez pled guilty to conspiracy to distribute more than one kilogram of heroin in violation of 21 U.S.C. § 846, distribution and aiding and abetting the distribution of heroin within 1000 feet of a school in violation of 21 U.S.C. §§ 860 and 862, aggravated illegal reentry after deportation in violation of 8 U.S.C. § 1326(a)(b)(2), and being a felon in possession of a gun in violation of 18 U.S.C. § 922(g). He was sentenced to 100 months of imprisonment, to be followed by 10 years of supervised release.

After filing a timely appeal, defense counsel filed a motion to withdraw as counsel and a brief in support of that motion pursuant to *Anders v. California*, 386 U.S. 738 (1967). Defense counsel determined after a conscientious review of the record that "there are no non-frivolous issues for review."

In accordance with the mandate of *Anders*, we have performed an independent review of the record to determine whether it presents any non-frivolous issue. Because we conclude that it does not, we will affirm the judgment of the District Court and grant defense counsel's motion to withdraw.

For the reasons set forth in counsel's brief, the record demonstrates that the District Court had jurisdiction to accept Nova Mendez's pleas, that those pleas were knowing, intelligent, and voluntary, and that his sentence was consistent with the Guidelines.

In Nova Mendez's supplemental *pro se* brief, he advances three arguments: (1) the U.S.C.G. § 2D1.1(b)(1) enhancement for possession of a firearm in connection with a drug offense was not supported by the record; (2) the § 3B1.1(c) enhancement for a leadership role was not supported by the record; and (3) trial counsel was ineffective in suggesting to him that the government would seek a "safety valve" reduction under 18 U.S.C. § 3553(f).[1]

Under § 2D1.1, app. note 3, if a weapon is present, the gun enhancement should be applied "unless it is clearly improbable that the weapon was connected to the offense." The conspiracy to market drugs in bulk was on-going when Nova Mendez was arrested at his home early on the morning of January 18, 2001. A handgun loaded with six rounds of hollow point ammunition was found at that time under the clothes in his bedroom. Given the nature of the weapon, the nature of the ammunition, Nova Mendez's ready access to the gun, and the illegality of his possession of it (both because of his prior convictions and his status as an illegal alien), the District Court cannot be faulted for declining to find improbable a connection between the weapon and Nova Mendez's drug distribution.

Nova Mendez was at the center of the distribution conspiracy, and the

---

[1] Nova Mendez also points to a reference in the plea agreement to U.S.S.G. "§ 2D1.2(b)(1)," a subsection that does not exist, and suggests that he was not sentenced under "the guideline most applicable to the offense of conviction." The plea agreement reference, viewed in context, is clearly a typographical error for § 2D1.1(b)(1). More importantly, the presentence report, adopted by the District Court, correctly identified the Guideline section under which the gun enhancement was imposed, *i.e.*, § 2D1.1(b)(1).

enhancement for a leadership role is also and amply supported by the record. That was undoubtedly why he stipulated in his plea agreement that such an enhancement was appropriate.

Nova Mendez's ineffective assistance of counsel claim is not ripe for review. While he implies that his attorney misled him in discussing the consequences of his plea, there is no record regarding any conversation between the defendant and his attorney. If the claim is to be pursued, it will have to be in a § 2255 proceeding where an appropriate record can be developed.

The judgment of the District Court will be AFFIRMED, and counsel's motion to withdraw will be granted.

TO THE CLERK:

Please file the foregoing Not Precedential Opinion.

/s/ Walter K. Stapleton

Circuit Judge